LEE, Justice,
for the Court:
Vera Blackwell, Merle E. Simmons and Pearl Hester, contestants below, have appealed from an order of the Chancery Court of Stone County dismissing the petitions of Horace James Hickman to probate the Last Will and Testament of Mary Hickman, upon his (Horace James Hickman) motion. They assign as error that the chancellor erred in dismissing the petitions for probate of said will and in overruling their motion to vacate the orders of dismissal.
Mary Hickman executed her Last Will and Testament on August 31, 1935, bequeathing and devising, among other things, all her real property to Kizzie Hickman and Horace Hickman. She died August 26, 1936, and on August 9, 1937, P. G. Hickman, son of Mary Hickman and uncle of Horace Hickman, filed the will for probate in the Chancery Court of Stone County, Mississippi, being Cause No. 823 on the Chancery docket, and a decree was entered admitting same to probate. On February 26, 1938, Kizzie Hickman conveyed her entire interest in the property to Horace Hickman.
In the first part of 1977, an oil company desired to develop the minerals on said property and, in searching the title to same, did not find that the will of Mary Hickman had been probated. The indexes to the land deed records in the Chancery Clerk’s Office did not so reflect, and, for some unexplained reason, the will index was overlooked. In order to perfect his title, appel-lee presented a duplicate of the will for probate in common form in the Chancery Court of Stone County on July 6, 1977, praying that it be admitted to probate, and probate was granted July 7, 1977. On July 18, 1977, appellee filed a petition for pro *240 bate of the will in solemn form in said court, making all persons interested therein parties to the proceedings. The appellants filed a contest of the will and further pleaded that they were entitled to an accounting.
After issue was joined in the will contest, the probate and proceedings in the will of Mary Hickman in Cause No. 823 on August 9, 1937, were discovered. (Appellees were aware of Cause No. 823, had checked out the file, and, for the first time, brought same to the attention of the court and appellee in their petition to contest the will). Appellee filed a motion to dismiss the pending proceedings to probate the will in common and solemn forms, for the reason he had learned that the Last Will and Testament of Mary Hickman, deceased, which was an exact duplicate of the will presented for probate in such proceedings was admitted to probate by the court in Cause No. 823 in the year 1937, which probate was unknown to appellee at the time the present actions were instituted. The chancellor sustained the motions to dismiss, whereupon, appellants filed a motion to vacate the orders of dismissal on the ground that they had acquired certain valuable rights in their contest of the instrument presented for probate in 1977 and that they were entitled to damages in addition to their interests in the land.
Mississippi Code Annotated Section 91 — 7— 23 (1972) provides the following:
“Any person interested may, at anytime within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not. If some person does not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities. In case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered.”
No attempt to come within the exceptions contained in the above section has been made. In 80 Am.Jur.2d Wills § 1035, at 173 (1975), the rule is stated as follows:
“A judgment or decree of a court with jurisdiction of a proceeding to probate a will, which admits the will to probate, is conclusive of the validity of the will; it is not subject to collateral attack, but stands as final, if not modified, set aside, or revoked by a direct proceeding, or reversed on appeal to a higher court. Since a proceeding for the probate of a will is essentially one in rem which determines the status of the decedent’s estate as testate or intestate, the judgment rendered by a court having jurisdiction is conclusive on the whole world, irrespective of who appeared as parties of record in the proceeding."
Appellants contend that the 1937 probate proceedings constituted constructive notice to appellee and that, by filing the probates in 1977, appellee waived the property interests acquired by him under the 1937 probate. Appellants further contend that they have gained important rights by such action of the appellee and that he is estopped to rely upon the 1937 probate. We are not persuaded by that argument. The doctrines of waiver and estoppel have no application in this case. When appellee learned of the 1937 probate, he immediately moved to dismiss the 1977 actions.
We are of the opinion that the lower court correctly dismissed the 1977 probates on motion of the appellee.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.